**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAYANT ABDEO, et al.,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>BOROUGH OF SOUTH PLAINFIELD<br>POLICE DEPARTMENT et al.,<br><br>　　　　　Defendants. | Civil Action No.: 07-4965 (JLL)<br><br>OPINION |

**LINARES**, District Judge.

This matters comes before the Court on a motion for summary judgment filed by Defendant Officer M. Hollain and a motion for summary judgment filed by Defendants Borough of South Plainfield Police Department and Lieutenant P. Wylam (the "Borough Defendants"). Plaintiffs bring claims against Defendants for a violation of Mr. Abdeo's constitutional rights pursuant to 42 U.S.C. § 1983 and his state constitutional rights pursuant to N.J.S.A. 10:6-2 (the "New Jersey Civil Rights Act").[1]  Plaintiffs also bring a consortium claim on behalf of Ms. Abdeo. The Court has considered the submissions in support of and in opposition to the motion and decides the matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons discussed below, Defendants' motions are granted.

---

[1]Officer Hollain, in his reply brief, notes that summary judgment also should be granted on Plaintiffs' state false arrest and false imprisonment claims. Although not clear, the Complaint appears to bring these claims only in the context of a § 1983 claim. Plaintiffs do not address these claims in their opposition. Therefore, the Court does not construe the Complaint as asserting these as state law claims. However, even if it should be so construed, for the reasons discussed in the Opinion, the Court declines to exercise jurisdiction over them.

I.  **BACKGROUND**

No facts in this case are in dispute. (Pls.' Opp'n, at 4 ("Plaintiffs do not dispute defendants' Statement of Material Facts.").) On November 27, 2006, Plaintiff Jayant Abdeo was arrested by Officer Hollain pursuant to a bench warrant issued on September 15, 2006, by the Honorable J. Jorgenson J.M.C. of South Plainfield Municipal Court. (Br. in Supp. of Def., Officer M. Hollain's, Mot. for Summ. J. [hereinafter "Def. Hollain's Br."], Stmt. of Mat'l Facts [hereinafter "Def. Hollain's Fact Stmt."] ¶¶ 1, 4, 6, 14.) The warrant was issued because of the failure of Inamco International Corporation to respond to a summons issued by the South Plainfield Bureau of Fire Prevention for a violation of the Uniform Fire Safety Act. (Id., at ¶ 3.) The warrant provided for the arrest of "any officer of Inamco Corporation," located at "801 Montrose Avenue, South Plainfield, NJ 07080." (Def. Hollain's Br., Ex. C, Warrant for Arrest.)

Warrants issued by the South Plainfield Municipal Court are brought to police headquarters; the shift commander then places the warrants in pouches for the officers on duty. (Id., at ¶ 8.) Part of Officer Hollain's duties are to attempt to serve the active warrants assigned to him. (Id., at ¶ 9.) Thus, "[a]s part of his shift [on the day of Mr. Abdeo's arrest], [he] was assigned a pouch of all active warrants, within his assigned district." (Id., at ¶ 7.)

In an attempt to serve the warrant on an officer of Inamco, Officer Hollain went to the Inamco address listed on the warrant. (Id., at ¶ 11.) After confirming with the police dispatch that the warrant was still valid, he entered the building and "spoke with [Mr. Abdeo], who identified himself as the President of Inamco." (Id., at ¶¶ 12-13.) Upon learning that Mr. Abdeo was an officer of Inamco, Officer Hollain "asked [Mr. Abdeo] to step outside to the patrol car," informed him that bail "had to be posted at police headquarters," "placed [him] in handcuffs . . .

and transported [him] to Headquarters." (Id., at ¶¶ 14, 16, 17.) Mr. Abdeo "admitted that Officer Hollain told him that the Warrant was the sole reason he was being transported to Headquarters." (Id., at ¶ 20.)

Mr. Abdeo "admits that at all times relevant Officer Hollain was friendly and courteous." (Id., at 23.) Mr Abdeo testified: "It appeared to me that [Officer Hollain] was not doing this from his heart[;] [h]e was just following a guideline . . . and that he was just doing his job that he was told to do." (Id., at ¶ 24.) Thus, Plaintiffs do not bring any claims for the conduct of Officer Hollain or Lieutenant Wylam beyond the arrest itself. Once at police headquarters, Mr. Abdeo was in the Booking Room for "approximately 15 to 20 minutes." (Id., at ¶ 26.) He then posted bail and was free to leave. (Id., at ¶¶ 27-28.)

Officer Hollain's incident report for the arrest lists Lieutenant Wylam as the "Approving Officer" and Officer Hollain as the "Reporting Officer." (Def. Hollain's Br., Ex. D.) Beyond the fact of executing the bench warrant issued by the municipal court, there are no allegations that either Officer Hollain or Lieutenant Wylam were involved in the original issuance of the warrant. With regard to Officer's Hollain's discretion in attempting to serve the warrants in the pouch, "Sgt. Diana testified that . . . Officer Hollain does not have the discretion to not effectuate an arrest because he was in possession of a warrant that commanded him to arrest Plaintiff." (Def. Hollain's Fact Stmt. ¶ 30 (emphasis in original).)

## II.   LEGAL STANDARD

A court shall grant summary judgment under Rule 59(c) of the Federal Rules of Civil Procedure "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party first must show that no genuine issue of material fact exists.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to present evidence that a genuine issue of material fact compels a trial.  Id. at 324.   The non-moving party must offer specific facts that establish a genuine issue of material fact and may not simply rely on unsupported assertions, bare allegations, or speculation.  See Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).  Also, the Court must consider all facts presented and the reasonable inferences drawn from them in the light most favorable to the non-moving party.  See Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995).

## III. DISCUSSION

### A. § 1983 Claims

#### 1. Officer Hollain

"[Section] 1983 provides a cause of action for any person who has been deprived of rights secured by the Constitution or laws of the United States by a person acting under color of law." Curley v. Klem, 298 F.3d 271, 277 (3d Cir. 2002).  Plaintiffs argue that Mr. Abdeo's Fourth Amendment rights were violated as a result of the arrest by Officer Hollain.[2]  The Fourth Amendment "requires the police to have probable cause or a [facially valid] warrant before making an arrest."  Herring v. United States, 129 S. Ct. 695, 698 (2009).  But, "[t]he Constitution does not guarantee that only the guilty will be arrested."  Baker v. McCollan, 443 U.S. 137, 145

---

[2] Plaintiffs also allege in their Complaint that Mr. Abdeo's equal protection and due process rights were violated by the arrest.  However, false arrest claims must be brought in the context of the Fourth Amendment, which "provides an explicit constitutional protection" for "deprivation of liberty."  See Albright v. Oliver, 510 U.S. 266, 273 (1994).

(1979). Nor does the Constitution require an officer "executing an arrest warrant . . . to investigate independently every claim of innocence." Id., at 145-46. In fact, "action taken pursuant to a facially valid court order receives absolute immunity from § 1983 lawsuits for damages." Hamilton v. Leavy, 322 F.3d 776, 782-83 (3d Cir. 2003); see also Lepre v. Tolerico, 156 Fed. Appx. 522, 525 (3d Cir. 2005) (unpublished) (holding that officers who "acted pursuant to a valid bench warrant directing them to apprehend [the defendant] . . . [were] entitled to absolute immunity"). Additionally, "[f]acially valid does not mean lawful[;] [a]n erroneous order can be valid." Wolfe v. City of Pittsburgh, 140 F.3d 236, 240 (3d Cir. 1998) (internal quotations omitted) (quoting Turney v. O'Toole, 898 F.2d 1470, 1472-73 (10th Cir. 1990)). Here, Plaintiffs do not challenge the manner of the arrest or the treatment after the arrest. They only argue that the warrant was not valid, and that, as a result, Mr. Abdeo should not have been arrested.

Plaintiffs first argue that the warrant was not facially valid because it violated New Jersey Court Rule 3:3-1(f). This section, "Process Against Corporations" provides:

> A summons rather than an arrest warrant shall issue if the defendant is a corporation. If a corporation fails to appear in response to a summons, the court shall proceed as if the corporation appeared and entered a plea of not guilty.

N.J. Ct. R. 3:3-1. But, "[s]ection 1983 liability arises only from a violation of federal statutory or constitutional rights under color of state law." D.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1375-76 (3d Cir. 1992). Thus, "[m]ere violation of a state statute does not infringe the federal Constitution." Sameric Corp. v. City of Phila., 142 F.3d 582, 596 (3d Cir. 1998) (quoting Snowden v. Hughes, 321 U.S. 1, 11 (1944)); see also Virginia v. Moore, 128 S.Ct. 1598, 1605 (2008) (stating that prior Supreme Court decisions have not "held that

violations of state arrest law are also violations of the Fourth Amendment" and noting that "when States go above the Fourth Amendment minimum, the Constitution's protections . . . remain the same").

In their opposition, Plaintiffs "acknowledge[] that the failure of the South Plainfield Municipal Court to adhere to state criminal court rules does not necessarily constitute a procedural error of constitutional dimension." (Pls.' Opp'n, at 6.)  Nevertheless, Plaintiffs argue that "the rules being considered here serve the underlying purpose of enforcing important constitutional rights guaranteed under the Fourth Amendment." (Id.)  However, Plaintiffs do not further clarify how this New Jersey court rule regarding process against corporations supports, rather than exceeds, the Fourth Amendment minimum protections.  Plaintiffs do not argue that under the Constitution an officer of a corporation may never be arrested for acts of the corporation and that such a restriction is clearly established such that a reasonable officer would have known from the face of the warrant that it was in error.  On the contrary, Plaintiffs cite cases holding that corporate officers may be liable for corporate criminality under certain circumstances.  See, e.g., State v. Pincus, 125 A.2d 420, 422 (N.J. Super. Ct. App. Div. 1956); see also United States v. Park, 421 U.S. 658, 673 (1975) (discussing corporate agent criminal accountability under the Federal Food, Drug and Cosmetic Act).  Therefore, this Court finds that a violation of the New Jersey court rule by the municipal court, while perhaps erroneous, does not itself make the warrant facially invalid.  Officer Hollain was not required to investigate the basis of the bench warrant to ensure that it complied with all of the New Jersey rules.

Plaintiffs also argue that the warrant was facially invalid because it did not satisfy the Fourth Amendment's particularity requirement.  Under the Fourth Amendment, a warrant may be

facially invalid where it fails to identify the person to be arrested with sufficient specificity. See United States v. Doe, 703 F.2d 745, 747 (3d Cir. 1983). Federal Rule of Criminal Procedure 4 provides: "A warrant must: (A) contain the defendant's name or, if it is unknown, a name or description by which the defendant can be identified with reasonable certainty; . . . ." Fed. R. Crim. P. 4(c)(1); see also N.J. Ct. R. 3:2-3 (providing the same requirement under New Jersey law). The "reasonable certainty requirement both insures that a sufficient showing of probable cause has been made to the issuing magistrate and minimizes the risk of error by the executing officer." Doe, 703 F.2d at 747. Under this rule, "John Doe" warrants are illegal because they "allow the executing officer to make his own inferences in effecting an arrest." Id. But, the rule expressly does not require that a name always be included on the face of a warrant. See id., at 747 n.4 ("While warrants containing no name or only a first name have been upheld, those warrants bore on their face descriptions allowing the executing officer to determine 'with reasonable certainty' whom he was to arrest.").

     The question, then, is whether the description "any officer of Inamco Corporation" located at "801 Montrose Avenue, South Plainfield, NJ 07080" identified who was to be arrested with reasonable certainty. Plaintiffs argue that such a description was insufficient. They argue that the description on the warrant at issue here is analogous to a statement that "any apartment within the apartment building" is to be searched, a description which they argue fails to satisfy the Fourth Amendment's particularity requirement. The Court disagrees with Plaintiffs. An "any apartment" description invites a fishing expedition by officers and does not provide any guidance regarding the apartment(s) for which probable cause exists.

     The warrant here clearly indicates that only an officer of a specified corporation at a

specified address may be arrested and, in essence, commands the officer to first identify whether the person being arrested in fact is an officer of the corporation. This category of "officers" is a small, finite, and identifiable group of individuals. In this case, it is undisputed that, upon inquiry by Officer Hollain, Mr. Abdeo identified himself as the President of Inamco. The Court finds that the warrant's description in this case provided sufficient specificity to minimize the error of Officer Hollain arresting a person not commanded or intended to be arrested by the municipal court. Thus, the Court finds that the warrant was not facially invalid. Under the circumstances, Officer Hollain could have reasonably presumed that the warrant was valid, especially given that he had no involvement in the issuance of the warrant and was merely tasked with its execution.

For these reasons, the Court grants Defendant Hollain's motion for summary judgment with respect to the § 1983 claim against him. Because the Court dismisses this claim, it need not address Officer Hollain's argument regarding the applicability of punitive damages.

       2.      <u>Lieutenant Wylam</u>

Plaintiffs' opposition brief does not address Lieutenant Wylam's conduct specifically. This Court presumes that Plaintiffs' § 1983 claim against Lieutenant Wylam is predicated on his being the "Approving Officer" for the arrest or the officer responsible for placing the warrants in the pouch. "A . . . defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." <u>Thomas v. Independence Twp.</u>, 463 F.3d 285, 298 (3d Cir. 2006) (quoting <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988)). As noted above, the only personal involvement of Lieutenant Wylam that is alleged is that of "approving" the arrest or of placing the warrant in the

pouch.  There are no allegations that Lieutenant Wylam had any involvement in the issuance of the warrant.

Lieutenant Wylam has no more duty that Officer Hollain to investigate the appropriateness of a facially valid bench warrant.  Therefore, for the same reasons discussed above with respect to Plaintiffs' § 1983 claim against Officer Hollain, Lieutenant Wylam is immune from liability for the arrest based on the warrant.  Summary judgment in favor of Lieutenant Wylam on this claim is granted.

### 3. Borough of South Plainfield Police Department

With respect to the Borough, Plaintiffs argue:  "[I]t was the official custom or practice of the South Plainfield Police Department through its chain of command to place the unlawful warrants in the 'pouch' from which Defendant Hollain executed upon plaintiff."  (Pls.' Opp'n, at 12.)   A party seeking to hold a municipality liable under § 1983 must show "that a policy or custom of the entity lead to a violation of a plaintiff's rights."  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978); see also Watson v. Abington Twp., 478 F.3d 144, 155 (3d Cir. 2007).  As this Court has already found there was no violation of Mr. Abdeo's rights by Office Hollain or Lieutenant Wylam through the placing of warrants in the pouch or the execution of the facially valid bench warrant, it cannot be asserted that the municipal policy of having warrants placed in the pouch, if such a policy existed, violated Mr. Abdeo's rights.  Thus, summary judgment in favor of the Borough of South Plainfield Police Department is also granted.

### B. New Jersey Civil Rights Act Claim

Plaintiffs argue that, even if their § 1983 claims are dismissed, the New Jersey Civil Rights Act ("CRA") claim should survive because "[t]he New Jersey Constitution generally

affords greater protection to its citizens than does the federal Constitution." (Pls.' Opp'n, at 9.) The CRA was enacted in 2004. Plaintiffs cite to no law supporting their argument of more expansive protection under the CRA for execution of a bench warrant like in this case. But, because the law is relatively new, cases explaining the overlap with § 1983's protection are not plentiful.

Plaintiffs also argue that, if this Court dismisses the federal § 1983 claims, that it should remand the CRA claim to state court, arguing that subject matter jurisdiction in this Court will no longer exist. Removal to this Court was proper. Thus, the dismissal of the federal claims after removal does not mean that this Court may no longer exercise jurisdiction over any state law claim. However, this Court has not previously exercised supplemental jurisdiction over the CRA claim and finds that prudential reasons exist which weigh against the exercise of such jurisdiction. Therefore, this Court declines to exercise supplemental jurisdiction over Plaintiffs' CRA claim. This claim is dismissed without prejudice to Plaintiffs to reassert it in state court.[3]

## .IV. CONCLUSION

For the foregoing reasons, Defendant Hollain's and the Borough Defendants' motions for summary judgment are granted with respect to Plaintiffs' § 1983 claims. The Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims; these claims are dismissed without prejudice to Plaintiffs to reassert them in state court. An appropriate Order accompanies this Opinion.

DATED: February 11, 2010          /s/ Jose L. Linares
                                  UNITED STATES DISTRICT JUDGE

---

[3] "[I]nsofar as [Plaintiffs' consortium claim] was derivative of some independent predicate claim, of which there remain none" dismissal of this claim is also appropriate. O'Connor v. City of Newark, 440 F.3d 125, 131 n.8 (3d Cir. 2006).